

NUMBER 13-09-00647-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**IN RE JAMES BELL McCOY, SR.**

---

On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Per Curiam Memorandum Opinion[1]

Relator, James Bell McCoy, Sr., pro se and indigent, filed a petition for writ of mandamus in the above cause on November 30, 2009, asking this Court to order the Honorable Sandra Watts, Judge of the 117th District Court of Nueces County, to rule on his "motion to compel," filed on September 9, 2009.[2]  Relator's "motion to compel" asked the trial court to compel the district clerk to issue process in the underlying divorce case.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] In addition to his petition for writ of mandamus, relator also filed a motion to proceed in forma pauperis and a motion requesting leave of Court to file fewer copies.  The Court herein GRANTS both motions.

The Court requested the real party in interest or the respondent to file a response to relator's petition for writ of mandamus, and the Court has now received a response from the Honorable Sandra Watts, respondent herein. According to the response, the district clerk issued the requested service on May 12, 2009, the process was served on May 14, 2009, and the return of service was filed on May 15, 2009.

Because relator has received his requested relief, relator's petition for writ of mandamus asking us to require respondent to rule is moot. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) (holding that a case becomes moot "if a controversy ceases to exist between the parties at any stage of the legal proceedings"); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that this original proceeding has been rendered moot. Accordingly, the Court DISMISSES the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the 19th
day of January, 2010.

2